

DAVID LOPEZ, ESQ.  DL-6779
Attorney for Plaintiff
171 Edge of Woods Road
P.O. Box 323
Southampton, New York 11969-0323
Tel:   631.287.5520
Fax:   631.283.4735
e-Mail:   DavidLopezEsq@aol.com

JUDGE COTE

10 CIV 3131

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEBORAH DONOGHUE, | ) |
| Plaintiff, | ) |
| - against - | ) |
| MORGAN STANLEY HIGH YIELD FUND, | ) COMPLAINT FOR RECOVERY OF ) SHORT-SWING PROFITS ) UNDER 15 U.S.C. 78p(b) |
| Nominal Defendant, | ) |
| BULLDOG INVESTORS GENERAL PARTNERSHIP and PHILLIP GOLDSTEIN, | ) Jury Trial Demanded ) |
| Defendants. | ) |

RECEIVED APR 19 2010 U.S.D.C. S.D. N.Y. CASHIERS

**DEBORAH DONOGHUE**, by David Lopez, Esq., her attorney, complaining of the defendants, respectfully alleges the following upon information and belief except as to paragraph 2 which plaintiff alleges on personal knowledge:

**JURISDICTION:**

1.   This action arises under the provisions of Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Act"), 15 U.S.C. Section 78p(b),

1

and jurisdiction is conferred upon this court by Section 27 of the Act, 15 U.S.C. Section 78aa.

**THE PARTIES:**

2. Plaintiff is a security owner of MORGAN STANELY HIGH YIELD FUND ("THE FUND"), a Delaware corporation with principal offices at 522 Fifth Avenue, New York, New York 10036.

3. At all times relevant the common stock of THE FUND was and is registered under Section 12 of the Act and was and is traded on the New York Stock Exchange (symbol MSY) located within this district as well as on the NASDQ National Market System (Symbol XMSYX) through market makers located within this district.

4. This action is brought in the right and for the benefit of THE FUND which is named as a nominal party defendant solely in order to have all necessary parties before the court.

5. At all times relevant BULLDOG INVESTORS GENERAL PARTNERSHIP ("BULLDOG") was and is a beneficial owner of more than 10% of the common stock of THE FUND. PHILLIP GOLDSTEIN was and is President of Kimbell & Winthrop, Inc., the managing general partner of BULLDOG and shares in the profits of BULLDOG. By reason of his power to make investment decisions and to vote shares, he too is a beneficial owner of more than 10% of the common stock of THE FUND.

6. BULLDOG and PHILLIP GOLDSTEIN have offices, do business and may be found at Park 80 West. 250 Pehle Avenue, Suite 708, Saddle Brook, N.J.

**STATUTORY REQUISITES:**

7. The violations of Section 16(b) of the Act to be described herein involve non-exempt securities in non-exempt transactions engaged in by a non-exempt person within the meaning of the Act.

8. Demand for prosecution was made on THE FUND on January 30, 2010. No recovery has been effected. Further delay in the filing of suit would be a futile gesture the sixty day statutory waiting period having expired.

9. Some or all of the transactions to be described herein were effected in whole or in part within the Southern District of New York on the floor of the New York Stock Exchange or through NASDAQ market makers located within the district.

10. THE FUND does business and is found within the Southern District of New York.

11. This action is brought within two years of the occurrence of the violations to be described herein or within two years of the time when reports required by Section 16(a) of the Act, 15 U.S.C. 78p(a), setting forth the substance of the transactions here complained of were first filed or will be filed with the Securities & Exchange Commission.

12. BULLDOG and PHILLIP GOLDSTEIN have failed to file any reports relating to their trading activities in securities of THE FUND under Section 16(a) of the Act, 15 U.S.C. 78p(a), thereby equitably tolling the running of the statute of limitations with respect to their trading activities in the securities of THE FUND under Section 16(b) of the Act, 15 U.S.C. 78p(b).

**FIRST CLAIM FOR RELIEF:**

13. At some time prior to July 8, 2008, BULLDOG and PHILLIP GOLDSTEIN acquired beneficial ownership of more-than-10% of the common stock of THE FUND.

14. On or about July 8, 2008, BULLDOG and PHILLIP GOLDSTEIN jointly filed with the Securities & Exchange Commission a Schedule 13D announcing their joint beneficial ownership of 1,711,826 shares of THE FUND constituting 14.64% of all shares outstanding. Some of those shares may have been held in managed accounts other than BULLDOG's over which BULLDOG and/or PHILLIP GOLDSTEIN exercised voting and dispositive powers.

15. In that Schedule 13D, BULLDOG and PHILLIP GOLDSTEIN stated their purpose in acquiring such shares to be as follows: "The filing group will consider whether to take actions intended to afford all shareholders an opportunity to realize net asset value for their shares. Such actions may include submitting a shareholder proposal, seeking representation on the issuers [sic] board of directors and conducting a tender offer to acquire additional shares."

4

16. The stated purpose of BULLDOG and PHILLIP GOLDSTEIN constitutes the acquisition and holding of shares of THE FUND by them to have been done with a "purpose of effect of changing or influencing control" within the meaning of Rules 16a-1(a)1 and Rule 13d-3(b) promulgated under the Act.

17. In furtherance of this control purpose BULLDOG and PHILLIP GOLDSTEIN have attempted on several occasions to meet with the management of THE FUND to instruct it as to their demands and, on March 2, 2010, sent a letter to all shareholders of THE FUND, urging proxy votes in opposition to management proposals.

18. BULLDOG, PHILLIP GOLDSTEIN and any managed accounts whose shareholdings in THE FUND were or have been included in the shares reported on Schedule 13D and amendments thereto as beneficially owned by BULLDOG and PHILLIP GOLDSTEIN constitute a "Group" for purposes of Section 13 of the Act and Rule 13d-3(b).

19. Between July 8, 2008, and September 10, 2009, BULLDOG and PHILLIP GOLDSTEIN reduced their aggregate beneficial ownership of shares of THE FUND by a net amount of 222,751 shares.

20. By reason of BULLDOG'S and PHILLIP GOLDSTEIN's failure to comply with the reporting requirements of Section 16(a) of the Act it is not possible for the plaintiff to enumerate the individual sales by which this reduction was accomplished nor to identify acquisitions which may have been made during this period.

21. Upon information and belief, BULLDOG and PHILLIP GOLDSTEIN made both purchases and sales of shares of THE FUND during the period between July 8, 2008, and September 10, 2009, some of the sales at prices higher than purchases within periods of less than six months.

22. Between October 29, 2009, and November 19, 2009, BULLDOG and PHILLIP GOLDSTEIN purchased 225,546 shares, more or less, of THE FUND.

23. On November 30, 2009, BULLDOG and PHILLIP GOLDSTEIN purchased 15,000 shares, more or less, of THE FUND.

24. On February 5, 2010, BULLDOG and PHILLIP GOLDSTEIN purchased 11,100 shares, more or less, of THE FUND.

25. Between January 14, 2010, and January 22, 2010, BULLDOG and PHILLIP GOLDSTEIN sold 43,800 shares, more or less, of THE FUND.

26. On February 18, 2010, BULLDOG and PHILLIP GOLDSTEIN sold 29,279 shares, more or less, of THE FUND.

27. On February 19, 2010, BULLDOG and PHILLIP GOLDSTEIN sold 25,600 shares, more or less, of THE FUND.

28. Between February 22, 2010, and February 23, 2010, BULLDOG and PHILLIP GOLDSTEIN sold 20,554 shares, more or less, of THE FUND.

29. Between February 24, 2010, and March 1, 2010, BULLDOG and PHILLIP GOLDSTEIN sold 33,900 shares, more or less, of THE FUND.

30. All of the sales set out at paragraphs 25, 26, 27, 28 and 29 were made at prices higher than paid for the shares purchased as set out at paragraphs 22, 23 and 24, *supra,* thereby generating profits which, under the Act, accrue to the benefit, and are recoverable on behalf, of THE FUND by plaintiff.

31. The exact amounts of such profits are unknown to plaintiff by reason of the failure of BULLDOG and PHILLIP GOLDSTEIN to comply with their reporting obligations under Section 16(a) of the Act.

**SECOND CLAIM FOR RELIEF:**

32. This Second Claim For Relief is a precaution against possible errors of detail attributable to inaccuracies in the public record, the failure of BULLDOG and PHILLIP GOLDSTEIN to file reports as required by Section 16(a) of the Act or against the discovery of additional trades during the course of this action.

33. BULLDOG and PHILLIP GOLDSTEIN, acting during periods not barred by the statute of limitations measured from the date of the filing of this complaint, purchased and sold or sold and purchased equity securities or equity security equivalents of THE FUND within periods of less than six months of each other while more-than-10% beneficial owners of THE FUND.

34. By reason of such purchases and sales or sales and purchases of its equity securities or equity security equivalents within periods of less than six months of one another while insiders of THE FUND, BULLDOG and PHILLIP

GOLDSTEIN realized profits, the exact amounts thereof being unknown to Plaintiff, which profits inure to the benefit, and are recoverable by plaintiff on behalf, of THE FUND.

**WHEREFORE**, Plaintff demands judgment:

a) Requiring BULLDOG and PHILLIP GOLDSTEIN to account for and to pay over to THE FUND the short-swing profits realized and retained by each of them in violation of Section 16(b) of the Act, together with appropriate interest and the costs of this suit;

b) Awarding to Plaintiff her costs and disbursements including reasonable attorney's, accountants and expert witness fees; and

c) Granting to Plaintiff such other and further relief as the court may deem just and proper.

Dated:   Southampton, New York
         April 12, 2010

Yours, etc.

_____
David Lopez, Esq.