```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
DEBORAH DONOGHUE,                        :
                    Plaintiff,           :
                                         :
                -v-                      :    10 Civ. 3131(DLC)
                                         :
MORGAN STANLEY HIGH YIELD FUND,          :    MEMORANDUM OPINION
             Nominal Defendant,          :        & ORDER
                                         :
BULLDOG INVESTORS GENERAL PARTNERSHIP    :
and PHILLIP GOLDSTEIN,                   :
                    Defendants.          :
                                         :
-----------------------------------------X
```

APPEARANCES:

For plaintiff:

David Lopez
171 Edge of Woods Road
P.O. Box 323
Southhampton, NY 11968

For defendants:

Richard W. Cohen
Todd S. Garber
One North Broadway, Suite 509
White Plains, NY 10601

DENISE COTE, District Judge:

Plaintiff Deborah Donoghue ("plaintiff"), a shareholder in nominal defendant Morgan Stanley High Yield Fund (the "Fund"), brings this derivative action pursuant to Section 16(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78p(b).  Plaintiff seeks to require defendants Bulldog Investors General Partnership and Phillip Goldstein

(collectively, the "defendants"), who at all times relevant were the beneficial owners of more than ten percent of the Fund's common stock, to disgorge short-swing profits they realized in a series of stock transactions within a six-month period.  On January 30, 2010, plaintiff made a demand upon the Fund to recover the short-swing profits from defendants.  After more than sixty days expired without a recovery, plaintiff initiated this action on April 13.

On April 21, defendants filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).  While defendants concede that the complaint "pleads all of the statutory elements of a Section 16(b) claim," they argue that plaintiff lacks constitutional standing under Article III of the United States Constitution because the complaint fails to allege any "injury in fact" to the Fund or plaintiff as a result of their short-swing profits.  The motion to dismiss became fully submitted on May 14.

Defendants' argument is without merit.  The requirements for constitutional standing are well-established.  "The 'irreducible constitutional minimum of standing,' rooted in Article III's case-or-controversy requirement, consists of three elements: (1) an 'injury in fact,' by which is meant 'an invasion of a legally protected interest'; (2) 'a causal connection between the injury and the conduct complained of';

2

and (3) a likelihood that 'the injury will be redressed by a favorable decision.'"  Fulton v. Goord, 591 F.3d 37, 41 (2d Cir 2009) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)).  "The legally protected interest may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing."  Fulton, 591 F.3d at 41 (citing Warth v. Seldin, 422 U.S. 490, 500 (1975)).

Section 16(b) creates a legally protected interest in the disgorgement of short-swing profits realized by beneficial owners of more than ten percent of a company's stock that inures to the benefit of the company.  "Section 16(b) provides that officers, directors, and holders of more than 10% of the listed stock of any company are liable to the company for any profits realized from any purchase and sale or sale and purchase of such stock occurring within a period of six months."  Roth ex rel. Beacon Power Corp. v. Perseus L.L.C., 522 F.3d 242, 245-46 (2d Cir. 2008).[1]  Section 16(b) is a "strict-liability provision; it

---

[1] Section 16(b) provides in pertinent part:

> For the purpose of preventing the unfair use of information which may have been obtained by such beneficial owner, director, or officer by reason of his relationship to the issuer, any profit realized by him from any purchase and sale, or any sale and purchase, of any equity security of such issuer (other than an exempted security) . . . within any period of less than six months, . . . shall inure to and be recoverable by the issuer, irrespective of any intention on the part of such beneficial owner,

3

requires the inside, short-swing trader to disgorge all profits realized on all purchases and sales within the six-month period, <u>without proof of actual abuse of insider information, and without proof of intent to profit on the basis of such information</u>." <u>Roth v. Jennings</u>, 489 F.3d 499, 507 (2d Cir. 2007) (citation omitted); <u>see also</u> <u>Gollust v. Mendell</u>, 501 U.S. 115, 122 (1991). "Any profit realized from such a transaction is recoverable by the corporation in a suit against the insider, brought either by the corporation itself or, as in this case, on behalf of the corporation by a shareholder." <u>Bruh v. Bessemer Venture Partners III L.P.</u>, 464 F.3d 202, 206 (2d Cir. 2006).

    In <u>Gollust v. Mendell</u>, 501 U.S. 115, the Supreme Court addressed the question of who may maintain an action to enforce § 16(b). <u>Id.</u> at 121. The Court found that § 16(b) provides "standing of signal breadth" and requires only that a plaintiff be an owner of a security of an issuer at the time the lawsuit is instituted. <u>Id.</u> at 123-24. The Court observed, however, that "if a security holder were allowed to maintain a § 16(b)

---

    director, or officer in entering into such transaction of holding the security . . . purchased or of not repurchasing the security ... sold for a period exceeding six months . . . . This subsection shall not be construed to cover any transaction where such beneficial owner was not such both at the time of the purchase and sale, or the sale and purchase, of the security.

15 U.S.C. § 78p(b).

action after he had lost any financial interest in its outcome, there would be serious constitutional doubt whether that plaintiff could demonstrate the standing required by Article III's case-or-controversy limitation on federal court jurisdiction."  Id. at 125.  But since "in the enactment of § 16(b), Congress understood and intended that, throughout the period of his participation, a plaintiff authorized to sue insiders on behalf of an issuer would have some continuing financial interest in the outcome of the litigation," the Court identified no "serious constitutional question" under Article III as to a shareholder's standing to bring suit under § 16(b).  Id. at 126.

     Defendants do not argue that the plaintiff in this case lacks a financial interest in the outcome of this litigation.  To the contrary, defendants concede that plaintiff has fully satisfied all the statutory requirements in order to bring this action under § 16(b).  As such, plaintiff's ongoing financial interest in ensuring that the Fund recovers the short-swing profits realized by defendants pursuant to § 16(b) is sufficient to satisfy the "injury in fact" requirement under Article III.  Defendants' motion to dismiss for lack of standing is therefore denied.

## CONCLUSION

Defendants' April 21, 2010 motion to dismiss is denied.

SO ORDERED:

Dated:   New York, New York
         May 27, 2010

                                    _____
                                         DENISE COTE
                                    United States District Judge