David Lopez, Esq.
171 Edge of Woods Road
PO Box 323
Southampton, New York 11969-0323
Tel:    631.287.5520
Fax:    631.283.4735
e-Mail:  DavidLopezEsq@aol.com
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

——————

**DEBORAH DONOGHUE,**

                **Plainiff,**

                                                **10 Civil 3131 (Cote, J.)**

        **- against -**

**MORGAN STANLEY HIGH YIELD
FUND, INC. (Now Known As INVESCO
HIGH YIELD INVESTMENTS FUND, INC.,**

                **Nominal Defendant,**

**BULLDOG INVESTORS GENERAL
PARTNERSHIP and PHILLIP GOLDSTEIN,**

                **Defendants.**

————————————————————/

## AFFIRMATION IN SUPPORT OF
## MOTION PURSUANT TO F.R.C.P. RULE 23.1
## <u>FOR PRELIMINARY APPROVAL OF STIPULATED JUDGMENT</u>

STATE OF NEW YORK  )
                                            ss:
COUNTY OF SUFFOLK )

        DAVID LOPEZ, being duly sworn upon his oath as an attorney hereby affirms

the truth of the following intending the penalties of perjury to apply:

1

1.      I am an attorney at law of the State of New York and of the bar of this Court. I have acted as plaintiff's attorney throughout the prosecution of this suit and I make these declarations of my own knowledge except to the extent I state reliance upon documents or evidence generated in the prosecution of this suit and to the extent I do so I believe such documents or evidence to support the conclusions I draw herein.

2.      For the convenience of the Court and of counsel I provide a table of contents for the remainder of this affirmation:

## TABLE OF CONTENTS

|                                                                        | Page |
| ---------------------------------------------------------------------- | ---- |
| Statement of the Case ................................................................ | 2 |
| Terms of the Settlement and Request for Preliminary Approval ............... | 4 |
| Request for Deferral of Application for Attorney's Fee and Costs ............. | 5 |
| Shareholder Notice and Hearing ……………............................................. | 5 |
| Conclusion .................................................................................. | 7 |

**Statement of the Case**

3.      This is a shareholder action brought pursuant to the so-called "short-swing" profit recapture provisions of Section 16(b) of the Securities Exchange Act of 1934, as amended, 15 U.S.C. 78p(b) (the "Act").  Any officer, director or – to the point in this case – beneficial owner of more than 10% of a class of equity security of a company registered under Section 12 of the Act, 15 U.S.C. 78l, must pay over to its issuer any profit realized by it through purchases and sales of that issuer's equity securities within periods of less than six months.

4.     BULLDOG INVESTORS GENERAL PARTNERSHIP ('BULLDOG') is, as its name connotes, a general partnership. It is comprised of five member entities and is in the business of making investments for its own account.   PHILLIP GOLDSTEIN ('GOLDSTEIN'), through controlled intermediary entities, is the investment manager of BULLDOG.

5.     At November 4, 2009, and thereafter at all relevant times, BULLDOG was the beneficial owner of more-than-10% of the common shares of MORGAN STANLEY HIGH YIELD FUND, INC. (Now Known As INVESCO HIGH YIELD INVESTMENTS FUND, INC.) ('MORGAN'), a class of equity security registered under Section 12 of the Securities Exchange Act (the 'Act') and listed on the New York Stock Exchange for trading under the symbol MSY.

6.     By reason of his investment control over the portfolio of BULLDOG, GOLDSTEIN was also a more-than-10% beneficial owner of the same shares under rules applicable to Section 13(d) of the Act.

7.     A tabulation of purchases and sales of such shares made by BULLDOG on and after November 4, 2009, appears at Exhibit A.   The tabulation was obtained in discovery and has been verified against trading records.

8.     Many such purchases and sales took place within periods of less than six months of one another.

9.     A computation of maximum damages generated by such trading, utilizing the "lowest-in, highest-out" method of *Smolowe v. Delendo Corp.*, 136 F.2d 231, 239 (2d Cir.), cert. denied, 320 U.S. 751 (1943), appears at Exhibit B.

3

**Terms of Settlement and Request for Preliminary Approval**

10.    The Stipulation For Entry Of Judgment of the parties appears as Exhibit C on the motion.  It provides for the payment by BULLDOG to MORGAN of $85,491 or, in my opinion, one hundred percent of maximum theoretical damages on a best-case basis as shown at Exhibit B.

11.    The Stipulation also provides for dismissal of all claims against GOLDSTEIN.  The reason for this dismissal is that any pecuniary interest GOLDSTEIN might have in the trading activities of BULLDOG would be derivative of profits realized by BULLDOG and would diminish them precisely to the extent they were allocated to GOLDSTEIN.  Since BULLDOG has agreed to pay the full amount of its short-swing trading profits without diminution GOLDSTEIN's continued presence as a defendant adds nothing to the benefit to be generated by this suit.  His dismissal simplifies appeal.

12.    BULLDOG has conceded in its answer and in its earlier Motion To Dismiss that all necessary elements of short-swing trading violations have been adequately pleaded.  Discovery has established facts in support of all such allegations. The only defense offered by BULLDOG, and one which it seeks to have reviewed on appeal as promptly as practicable, is that Plaintiff – and by extension all shareholders and the issuer itself -- lack Article III constitutional standing because she and they have suffered no injury in fact.

13.    Your Honor has ruled this putative defense to be without merit leaving BULLDOG, in this court, with no defense whatsoever.  The Stipulation For Entry Of Judgment reflects this state of affairs.

4

**Request for Deferral of Application for Attorney's Fee and Costs**

14.     The Stipulation provides that the application of Plaintiff's counsel for attorney's fees and reimbursement of disbursements be deferred to a time within 30 days of the issuance of a Mandate by the Second Circuit.

15.     The reason for this provision is concern for judicial economy and the economy of the parties.  An appeal appears a certainty in this matter and Plaintiff's counsel would prefer to make his application after all appellate work has been concluded either with an affirmance, in which case all additional time and disbursements can be accounted to the court, or with a reversal in which case there will be no fee.  Seeking an interim fee now is unwarranted by the amounts involved and would likely require a supplemental application later.

**Shareholder Notice and Hearing**

16.     Plaintiff, in the first instance, respectfully requests that the court dispense with shareholder notice and a hearing for the following reasons:

a)     The stipulated judgment amount represents, in my good faith opinion, a 100% recovery of all short-swing profits generated on the facts as known to me and involves no element of compromise.

b)     The relationship between BULLDOG and GOLDSTEIN on the one hand and MORGAN on the other has been adversarial throughout the short-swing trading period.  BULLDOG brought on a proxy contest to challenge actions proposed by the management of MORGAN.  MORGAN is represented in this matter by competent and well-reputed counsel who participated in all proceedings leading to the stipulated judgment and supports its entry.

5

      c)     The amount at issue is small in relation to the total affairs of MORGAN (total net assets @ June 30, 2010: $66,606,794) and the additional costs of shareholder notification and of a hearing may materially diminish the benefit to be received by MORGAN.

      d)     The case seems destined to be reviewed by the Second Circuit.

17.     Should Your Honor deny dispensation with a hearing, Plaintiff respectfully urges, in the interests of economy and of preservation of the small fund created by this suit, that shareholder notice be made by MORGAN's filing with the Securities & Exchange Commission of a Form 8-K containing a brief press release and a copy of a Notice to Shareholders substantially in the form appended at Exhibit D.

18.     According to MORGAN's most recent Form N-CSR (Certified Shareholder Report Of Registered Management Investment Companies) as filed with the Securities and Exchange Commission, as of June 30, 2010, 11,641,464 shares were outstanding.  The cost of printing and mailing individual notices to all shareholders would greatly reduce or consume the recovery.

19.     The filing of a Form 8-K is a low cost way of informing those who follow the affairs of MORGAN of the terms of settlement and of the time and place of the convening of a fairness hearing.  It is far likelier to reach those interested in MORGAN than would the scattershot publication of a notice in a newspaper of general circulation, as for example, the Wall Street Journal.  And its cost would be *de minimus*.  Electronic dissemination to those visiting the SEC website is essentially cost-free.

20.     This method of shareholder notification was recently utilized in *Donoghue v. CSX Corporation et al.,* 08 Civil 9252 (Cedarbaum, J.) which involved a $10,500,000

compromise recovery. Additional shareholder notification was provided in that case through mailings to all persons filing Schedules 13D or 13G (more-than-5% beneficial ownership) within the past three years with respect to the issuer. In this case there are no recent Schedule 13D or 13G filers other than BULLDOG and GOLDSTEIN.

21.    I respectfully inform the court, as I did at the time of the initial pre-trial conference, that I will be in Europe from October 5 through October 26, 2010, and unavailable to participate in court events during that period. I am a solo practitioner and ask that, should the court determine to hold a fairness hearing, it not be scheduled for a time during my absence.

**Conclusion**

WHEREFORE, your affiant respectfully urges that the court approve the settlement before the court and that notice to shareholders and a fairness hearing be dispensed with or, in the alternative, that the court preliminarily approve the settlement and that notice be given to shareholders through an 8-K filing by MORGAN with the Securities & Exchange Commission containing a Notice substantially in the form appended at Exhibit D.

I AFFIRM the truth of the foregoing upon my oath as an attorney and a member of the bar of this court this 21st day of September, 2010.

David Lopez (DL-6779)

7

# EXHIBIT A

| DATE | QUANTITY | PRICE/COST | TOTAL |
|---|---|---|---|

**SALES:**

| DATE | QUANTITY | PRICE/COST | TOTAL |
|---|---|---|---|
| 01/14/10 | 2,700 | 5.6600 | 15,254.80 |
| 01/15/10 | 7,400 | 5.6430 | 41,683.66 |
| 01/20/10 | 2,900 | 5.6631 | 16,393.78 |
| 01/21/10 | 18,200 | 5.6500 | 102,646.69 |
| 01/27/10 | 12,600 | 5.6579 | 71,162.63 |
| 02/18/10 | 29,279 | 5.5965 | 163,565.04 |
| 02/19/10 | 25,600 | 5.5939 | 142,946.02 |
| 02/22/10 | 8,700 | 5.6240 | 48,841.17 |
| 02/23/10 | 11,854 | 5.6306 | 86,625.74 |
| 02/24/10 | 9,258 | 5.6076 | 51,821.92 |
| 02/25/10 | 3,500 | 5.6000 | 19,564.75 |
| 02/26/10 | 6,000 | 5.6000 | 33,539.57 |
| 03/01/10 | 15,142 | 5.6011 | 84,659.36 |
| 03/02/10 | 18,800 | 5.6100 | 105,278.66 |
| 03/03/10 | 3,500 | 5.6300 | 19,669.74 |
| 03/04/10 | 25,300 | 5.6301 | 142,186.72 |
| 03/06/10 | 3,004 | 5.6400 | 16,912.30 |
| 03/08/10 | 4,200 | 5.6400 | 23,645.69 |
| 03/09/10 | 18,600 | 5.6400 | 104,716.66 |
| 03/10/10 | 9,200 | 5.6500 | 51,887.33 |
| 03/12/10 | 6,300 | 5.6900 | 35,783.54 |
| 03/15/10 | 11,100 | 5.6900 | 63,047.19 |
| 03/16/10 | 6,684 | 5.6923 | 37,980.00 |

**PURCHASES:**

| DATE | QUANTITY | PRICE/COST | TOTAL |
|---|---|---|---|
| 11/04/09 | 18,000 | $ 5.2267 | $ 94,261.60 |
| 11/05/09 | 12,700 | 5.2471 | 66,765.17 |
| 11/06/09 | 6,000 | 5.2400 | 31,500.00 |
| 11/09/09 | 33,200 | 5.2935 | 176,076.20 |
| 11/10/09 | 13,983 | 5.2825 | 74,005.03 |
| 11/11/09 | 11,100 | 5.2673 | 58,578.03 |
| 11/12/09 | 400 | 5.2800 | 2,116.00 |
| 11/12/09 | 16,363 | 5.2781 | 86,529.18 |
| 11/13/09 | 31,000 | 5.2648 | 163,518.80 |
| 11/16/09 | 3,000 | 5.2900 | 15,900.00 |

| | | | |
|---|---|---|---|
| 11/16/09 | 3,300 | 5.2900 | 17,490.00 |
| 11/17/09 | 6,000 | 5.2900 | 31,800.00 |
| 11/18/09 | 14,200 | 5.2909 | 75,272.78 |
| 11/19/09 | 4,700 | 5.2866 | 24,894.02 |
| 11/20/09 | 5,400 | 5.3000 | 28,674.00 |
| 11/30/09 | 15,000 | 5.3000 | 79,650.00 |
| 02/05/10 | 11,100 | 5.3622 | 59,631.42 |

# EXHIBIT B

## COMPUTATION OF PROFITS

| DATE | QUANTITY | PRICE/COST | TOTAL |
|------|----------|------------|-------|

**SALES:**

| DATE | QUANTITY | PRICE/COST | TOTAL |
|------|----------|------------|-------|
| 01/15/10 | 7,400 | 5.6430 | 41,683.66 |
| 01/21/10 | 15,309 | 5.6500 | 86,496.00 |
| 02/18/10 | 29,279 | 5.5965 | 163,565.04 |
| 02/19/10 | 25,600 | 5.5939 | 142,946.02 |
| 02/22/10 | 8,700 | 5.6240 | 48,841.17 |
| 02/23/10 | 11,854 | 5.6306 | 86,625.74 |
| 02/24/10 | 9,258 | 5.6076 | 51,821.92 |
| 02/25/10 | 3,500 | 5.6000 | 19,564.75 |
| 02/26/10 | 6,000 | 5.6000 | 33,539.57 |
| 03/01/10 | 15,142 | 5.6011 | 84,659.36 |
| 03/02/10 | 18,800 | 5.6100 | 105,278.66 |
| 03/03/10 | 3,500 | 5.6300 | 19,669.74 |
| 03/04/10 | 25,300 | 5.6301 | 142,186.72 |
| 03/06/10 | 3,004 | 5.6400 | 16,912.30 |
| 03/08/10 | 4,200 | 5.6400 | 23,645.69 |
| 03/09/10 | 18,600 | 5.6400 | 104,716.66 |
|  | 205,446 |  | $ 1,172,153. |

**PURCHASES:**

| DATE | QUANTITY | PRICE/COST | TOTAL |
|------|----------|------------|-------|
| 11/04/09 | 18,000 | $ 5.2267 | $  94,261.60 |
| 11/05/09 | 12,700 | 5.2471 | 66,765.17 |
| 11/06/09 | 6,000 | 5.2400 | 31,500.00 |
| 11/09/09 | 33,200 | 5.2935 | 176,076.20 |
| 11/10/09 | 13,983 | 5.2825 | 74,005.03 |
| 11/11/09 | 11,100 | 5.2673 | 58,578.03 |
| 11/12/09 | 400 | 5.2800 | 2,116.00 |
| 11/12/09 | 16,363 | 5.2781 | 86,529.18 |
| 11/13/09 | 31,000 | 5.2648 | 163,518.80 |
| 11/16/09 | 3,000 | 5.2900 | 15,900.00 |
| 11/16/09 | 3,300 | 5.2900 | 17,490.00 |
| 11/17/09 | 6,000 | 5.2900 | 31,800.00 |
| 11/18/09 | 14,200 | 5.2909 | 75,272.78 |
| 11/19/09 | 4,700 | 5.2866 | 24,894.02 |
| 11/20/09 | 5,400 | 5.3000 | 28,674.00 |
| 11/30/09 | 15,000 | 5.3000 | 79,650.00 |
| 02/05/10 | 11,100 | 5.3622 | 59,631.42 |

205,446                    $ 1,086,662.


Proceeds of Sales:       $ 1,172,153.
Cost of Purchases:        - 1,086,662.
Profits:                  $    85,491.

# EXHIBIT C

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

```
-----------------------------------------------------------------------x
                                         :
DEBORAH DONOGHUE,                        :
                                         :Civil Action No. 10-cv-3131
                    Plaintiffs           :
                                         :
                                         :        ECF Case
           v.                            :
                                         :
MORGAN STANLEY HIGH YIELD FUND, INC.     :
                                         :
                                         :
                  Nominal Defendant,     :
                                         :
BULLDOG INVESTORS GENERAL PARTNERSHIP    :
And PHILLIP GOLDSTEIN                     :
                                         :
                  Defendants.            :
                                         :
                                         :
-----------------------------------------------------------------------x
```

## STIPULATION FOR ENTRY OF JUDGMENT

**THE PARTIES,** desiring to conclude District Court proceedings while preserving all rights of defendant Bulldog Investors General Partnership to appeal from the judgment.

{0856 / MISC / 00103723.DOC v3}

**STIPULATE TO THE FOLLOWING:**

1.      All claims against Defendant Phillip Goldstein shall be dismissed with prejudice.

2.      Judgment shall enter against Bulldog Investors General Partnership to the benefit of Morgan Stanley High Yield Fund, Inc. (Now Known As Invesco High Yield Investment Fund, Inc.) in the amount of $85,491.00.

3.      Entry of judgment in the stipulated amount shall not constitute a waiver or diminution of the rights of Bulldog Investors General Partnership to appeal from the stipulated judgment on the grounds raised in Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) (Dkt. 4, 5, 10), which motion was denied by the Court in its Memorandum Opinion and Order of May 27, 2010 (Dkt. 11).

4.      The application of plaintiff's counsel for attorney's fees and reimbursement of disbursements necessarily incurred in the prosecution of this action may be filed with this court within thirty days of the issuance in this matter of a Mandate by the United States Court of Appeals for the Second Circuit.

5.      No provision of this stipulation shall be effective unless all provisions of this stipulation are "so ordered" by the Court.

**IT IS SO STIPULATED.**

Dated: Southampton, New York
       September 10, 2010

                                         David López, Esq. (DL-6779)
                                         *Attorney for Plaintiff*
                                         171 Edge of Woods Road, P.O. 323

{0856 / MISC / 00103723.DOC v3}

Southampton, New York 11968
Tel:    631.287.5520
Fax:    631.283.4735
e-Mail:  DavidLopezEsq@aol.com


Dated: White Plains, New York
       September 8, 2010

Lowey, Danenberg, Cohen & Hart, P.C.

By: _____

Todd S. Garber, Esq.
*Attorney for Defendants*
One North Broadway, Suite 509
White Plains, New York 10601
Tel:    914.997.0500
Fax:    914.997.0035
e-Mail:  tgarber@lowey.com


Dated: New York, New
       September 8, 2010

Dechert, LLP

By: _____

Joseph F. Donley, Esq.
*Attorney for Nominal Defendant*
1095 Avenue of the Americas
New York, New York 10036-6797
Tel:    212.649/8724
Fax:    212.698.3599
e-Mail:  joseph.donley@dechert.com


{0856 / MISC / 00103723.DOC v3}

# E X H I B I T   D

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

———————

DEBORAH DONOGHUE,

                     Plaintiff,           10 Civil 3131 (Cote, J.)

    - against -

MORGAN STANLEY HIGH YIELD
FUND, INC. (Now Known As INVESCO
HIGH YIELD INVESTMENTS FUND, INC.,

                     Nominal Defendant,

BULLDOG INVESTORS GENERAL
PARTNERSHIP and PHILLIP GOLDSTEIN,

                     Defendants.

———————————————————————————/

**NOTICE OF PENDENCY OF DERIVATIVE ACTION AND**
**OF HEARING ON PROPOSED SETTLEMENT**

TO:    ALL PERSONS WHO OWN SHARES OF MORGAN STANLEY HIGH YIELD
FUND, INC. (Now Known As INVESCO HIGH YIELD INVESTMENTS FUND, INC.
("INVESCO HIGH YIELD")

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.
THE RIGHTS OF INVESCO HIGH YIELD WILL BE AFFECTED BY
PROCEEDINGS IN THIS ACTION.

       This Notice is given pursuant to an Order of the United States District Court for
the Southern District of New York (the "Court").  The purpose of this Notice is to advise
of a proposed settlement (the "Settlement") involving Bulldog Investors General
Partnership ("Bulldog") and Phillip Goldstein, ("Goldstein") (the "Defendants") in the
above-captioned action (the "Action").  The terms of the Settlement are set forth in a
Stipulation For Entry Of Judgment dated September 10, 2010, on file with the Court.  A
hearing will be held before Judge Denise Cote in Courtroom ____ of the United States
Courthouse, 500 Pearl Street, New York, New York on _____ , 2010 at
_____ m. (the " Settlement Fairness Hearing") to determine whether the Settlement is
fair, reasonable and adequate.  The Settlement provides for a payment by Bulldog of
$85,491 (the "Settlement Payment") to by made to Invesco High Yield.

1

Should the Settlement be approved, this Action will be dismissed against Goldstein and judgment entered against Bulldog.

THE ACTION

Nature of the Claims and Defenses

This is a shareholder action brought pursuant to the so-called "short-swing" profit recapture provisions of Section 16(b) of the Securities Exchange Act of 1934, as amended, 15 U.S.C. 78p(b) (the "Act"). Any officer, director or – to the point of this case – beneficial owner of more that 10% of a class of equity security of a company registered under Section 12 of the Act, 15 U.S.C. 78l, must pay over to its issuer any profit realized by it through purchases and sales of that issuer's equity securities within periods of less than six months.

The only remaining defense advanced by the defendants has been a constitutional challenge to the standing of the plaintiff under Article III of the United States Constitution asserting that plaintiff has suffered no injury in fact. The district court has ruled this defense to be lacking in merit. The defendants intend to appeal following the entry of judgment against Bulldog. The plaintiff has agree to dismiss her claims against Goldstein in exchange for a judgment for total damages against Bulldog.

Prior Proceedings In The Action

This proposed settlement comes after the filing of a Complaint and Answer, the bringing of a Motion to Dismiss (which was denied), the conduct of documentary discovery and the service of a Request for Admissions.

The Terms Of Settlement

Pursuant to the Settlement Bulldog has agreed to pay to Invesco the sum of $85,491, and dismissal will enter with respect to Goldstein. It is contemplated that Bulldog will appeal this court's denial of its Motion To Dismiss on constitutional grounds. The application of Plaintiff's counsel for legal fees and reimbursement of disbursements will be deferred until a time within 30 days of the issuance of a mandate by the United States Court of Appeals for the Second Circuit.

Because the Action pursuant to Section 16(b) of the Act, was brought derivatively on behalf of Invesco High Yield, the Settlement Payment will be paid to Invesco High Yield, net of any eventual award by the Court of an attorney's fee and reimbursement of expenses to Plaintiff's counsel. There will be no distribution to shareholders.

If the Settlement is approved by the Court, all claims which were asserted against the Settling Defendants in the Action will be concluded on the merits and with prejudice.

2

If the District Court does not approve the Settlement, or if the Order approving the Settlement is reversed on appeal, then the rights and duties of the respective parties to the terminated Settlement will revert to their respective statuses as of the date immediately prior to the execution of the Stipulation of Settlement.

## NOTICE OF SETTLEMENT HEARING

The Court has ordered that a hearing be held before the Hon. Denise Cote, United States District Judge for the Southern District of New York, at the United States Courthouse, 500 Pearl Street, New York, New York, at _____ .m., on _____ _____, 2010 (or at such other time and place as the Court hereafter may set, without further notice other than announcement thereof in open court at the above time and place) concerning the fairness, reasonableness and adequacy to Invesco High Yield of the Settlement.

If you are an Invesco High Yield shareholder as of the date hereof you may appear personally or by counsel and be heard at the Settlement Hearing; and you may support or object to or express your views regarding the Settlement. However, you will not be heard or entitled to contest the approval of the Settlement unless, on or before _____, 2010, you file a notice of intention to appear: (i) setting forth the dates you purchased and the number of shares of Invesco High Yield common stock that you own as of the date hereof; and (ii) stating your objections or support or comments, in writing, with the Clerk of the District Court, together with a list of any witnesses you intend to call, a list of any exhibits you intend to present and all briefs or other papers in support of your support or objections to be submitted by you to this Court at the Settlement Hearing; and (iii) on or before that date such papers are also served in person or by mail on and received by the following:

David Lopez, Esq.
171 Edge of Woods Road, P.O. Box 323
Southampton, New York 11968
*Attorney for Plaintiff*

Todd S. Gardner, Esq.
Lowey, Dannenberg, Cohen & Hart
One North Broadway, Suite 509
White Plains, New York 10601
*Attorney for Defendants*

Joseph F. Donley, Esq.
Dechert, LLP
1095 Avenue of the Americas
New York, New York 10036-6797
*Attorney for Nominal Defendant*

## FURTHER INFORMATION

This Notice is not all-inclusive. For the full details of the matters disclosed in the Notice, including the Stipulation for Entry of Judgment described above, and for further information concerning this Action, you may wish to refer to the pleadings or other papers filed with the Court in this Action, all of which may be inspected at the office of

3

the Clerk of the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York during normal business hours.

      For further information regarding this Notice, the Action or the proposed settlement, Invesco High Yield shareholders can contact, in writing, Plaintiff's counsel:

> David Lopez, Esq.
> 171 Edge of Woods Road,  P.O. Box 323
> Southampton, New York 11968

**PLEASE DO NOT CALL OR WRITE THE COURT OR THE CLERK'S OFFICE OTHER THAN TO FILE NOTICES OF YOUR INTENTION TO SUPPORT OR OPPOSE THE SETTLEMENT WITH ACCOMPANYING DOCUMENTS**

Dated: New York, New York
      September      , 2010

                                    _____
                                       Clerk of the Court
                               United States District Court
                             Southern District of New York

4

## CERTIFICATE OF SERVICE

DAVID LOPEZ, a member of the bar of this court, hereby certifies that he served

a true copy of the foregoing AFFIRMATION IN SUPPORT OF MOTION PURSUANT

TO F.R.C.P. RULE 23.1 FOR PRELIMINARY APPROVAL OF STIPULATED

JUDGMENT on:

> Todd S. Garber, Esq.
> Lowey Dannenberg Cohen & Hart, P.C.
> One North Broadway, 5th Floor
> White Plains, New York 10601

> Joseph F. Donley, Esq.
> Dechert LLP
> 1095 Avenue of the Americas
> New York, New York 10036-8797

by ECF Filing and by Priority Mail on this 21st day of September, 2010.

David Lopez, Esq. (DL-6779)