UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DEBORAH DONOGHUE,

                Plaintiff,              10 Civil 3131 (DLC)

- against -

MORGAN STANLEY HIGH YIELD
FUND, INC. (Now Known As INVESCO
HIGH YIELD INVESTMENTS FUND, INC.,

                Nominal Defendant,

BULLDOG INVESTORS GENERAL
PARTNERSHIP and PHILLIP GOLDSTEIN,

                Defendants.

_____/

USDC ...
DOCUMENT
ELECTRONIC...
DOC #: _____
DATE FILED: 3/31/11

## ORDER AND FINAL JUDGMENT

On the 25th day of February, 2010, a hearing was held before this Court to determine (1) whether the terms and conditions of the Stipulation of Settlement, dated September 8 and 10, 2010, (the "Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by Deborah Donoghue (the "Plaintiff"), derivatively on behalf of Morgan Stanley High Yield Fund, Inc., Now Known as Invesco High Yield Investments Fund, Inc. ("Invesco") in the action now pending in this Court under the above caption, against Bulldog Investors General Partnership and Phillip Goldstein (collectively the "Defendants"), should be approved; (2) whether judgment should be entered dismissing the Complaint with prejudice as it relates to Phillip Goldstein and

whether judgment should enter against Bulldog Investors General Partnerhip; (3) whether the application of Plaintiff's counsel for attorney's fees and reimbursement of disbursements necessarily incurred in the prosecution of this action may be filed with this court within thirty days of the issuance in this matter of a Mandate by the United States Court of Appeals for the Second Circuit.

This action (the "Action") was brought by Plaintiff on behalf of Invesco to recover alleged "short-swing profits" under Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Exchange Act"). The Court, having considered all matters submitted to it at the hearing and otherwise during the course of proceedings in this Action; and it appearing that a Notice of Hearing substantially in the form approved by the Court was mailed to all persons or entities (the "Invesco Shareholders") reasonably identifiable from Sechedule 13D or Schedule 13G filings with the Securities & Exchange Commission who owned more than 5% CSI common stock within two years of September 8, 2010, the date of the Stipulation, and the posting of such notice on a dedicated web site; and after a review of the record herein, the Stipulation and other papers submitted to the Court, and having concluded that the settlement should be approved:

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Court has jurisdiction over the subject matter of this action, over the Plaintiff, over Invesco and over the Defendants.

2. Notice of the pendency of this Action and the proposed settlement thereof was given to all Invesco Shareholders owning more than 5% of Invesco shares within two years of the date of the stipulation who could be identified with reasonable effort, and to

all Invesco Shareholders by means of an internet posting on a dedicated web site. The method of notifying the Invesco Shareholders of the pendency of this Action and of the settlement and of the terms and conditions meet the requirements of Fed. R. Civ. P. 23.1, Local Civil Rule 23.1 and due process, and constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities thereto.

3. The Stipulation of Settlement (a copy of which is on file with the court) is hereby approved as fair, reasonable and adequate and in the best interests of Invesco and its shareholders. Judgment shall enter against Bulldog in the amount of $85,491.00 with interest from the date hereof. The complaint is dismissed with prejudice against Phillip Goldstein.

4. This Order and Final Judgment shall not constitute evidence or an admission by the Defendants or any other person that any transaction giving rise to liability or damages under Section 16(b) occurred, or that any violations of law or acts of other wrongdoing have been committed, and shall not be deemed to create any inference that there is or was liability of any person therefore. The Settling Defendants do not admit, either expressly or implicitly, that they or any one of them is subject to any liability whatsoever by reason of any of the matters alleged in the Complaint or referenced in the Stipulation of Settlement, or that there is any merit to any of the claims for damages sought therein. The Defendants, on the contrary, expressly deny and dispute the existence of any such liability.

5. The Complaint solely as it relates to the Defendants, each claim therein against the Defendants, and this Action to the extent it relates to the Defendants are

hereby dismissed on the merits, with prejudice and without costs, except as shall otherwise be provided in the award of an attorney's fee, costs and disbursements, if any, at such time as application shall be made; and the Settling Defendants and the other related parties referred to below are hereby discharged and released, except as noted in the direction for entry of judgment, from any and all liability and damages under or based upon any and all claims, rights, causes of action, suits, matters, demands, transactions and issues, known or unknown, that have been or could have been or might have been asserted in or that relate to the Action or matters, transactions, occurrences, or claims alleged in the Complaint by Plaintiff on behalf of herself or any other person or entity, by Invesco and/or by any and all owners of any security (as defined in Section 3(a)(10) of the Exchange Act) issued by Invesco, or any of them, whether individually, directly, representatively, derivatively or in any other capacity, against defendant or any of its present, future or former officers, directors, employees, agents, attorneys, representatives, advisors and affiliates (as defined in Rule 12b-2, promulgated pursuant to the Exchange Act), associates (as defined in Rule 12b-2, promulgated pursuant to the Exchange Act), parents, principals, subsidiaries, general or limited partners or partnerships, investment advisory clients, and brokers, and each of their heirs, executors and assigns. These claims are hereby compromised, settled, released, discharged and dismissed with prejudice and without costs (except as provided herein) by virtue of the proceedings herein and this Order and Final Judgment. This Order and Final Judgment shall be conclusive with respect thereto.

6. The Plaintiff, Invesco and all owners of any security (as defined in Section 3(a)(10) of the Exchange Act) issued by Invesco or, if a derivative security, underlain by

any security issued by Invesco, either individually, directly, derivatively, representatively or in any other capacity, and any of their present, future or former officers, directors, employees, agents, attorneys, representatives, advisors, trustees, parents, principals, subsidiaries, general and limited partners, heirs, executors, administrators, successors and assigns or anyone else, are, except as noted at the final sentence hereof, hereby severally and permanently barred and enjoined from instituting or prosecuting this or any other action, in this or any other court or tribunal of this or any other jurisdiction, based upon or for the purpose of enforcing any and all claims, rights, causes of action, suits, matters and issues, known or unknown, that have been, could have been, or might have been asserted in this Action by Plaintiff on behalf of herself or any other person or entity, by Invesco and/or by any owner of any security issued by Invesco or, if a derivative security, underlain by any security issued by Invesco, whether individually, directly, representatively, derivatively or in any other capacity, against the Settling Defendants or any of them or any of their or its or his present or former officers, directors, employees, agents, attorneys, representatives, predecessors, shareholders, advisors and affiliates (as defined in Rule 12b-2, promulgated pursuant to the Exchange Act), associates (as defined in Rule 12b-2, promulgated pursuant to the Exchange Act), parents, principals, subsidiaries, general or limited partners or partnerships, investment advisory clients, and brokers, and each of their heirs, executors, administrators, successors and assigns, or anyone else, in connection with, or that arise now or hereafter out of, or relate in any way to the Action or the Stipulation of Settlement (except for compliance with the Stipulation of Settlement), or matters, transactions, occurrences, or claims alleged in the Complaint or referenced in the Stipulation herein.

7. The application of Plaintiff's counsel for attorney's fees and reimbursement of disbursements necessarily incurred in the prosecution of this action may be filed with this court within thirty days of the issuance in this matter of a Mandate by the United States Court of Appeals for the Second Circuit.

8. Jurisdiction is hereby reserved over all matters relating to the enforcement, administration and performance of the Stipulation of Settlement.

9. The Clerk of the Court is directed to enter and docket this Order and Final Judgment in this Action.

Dated: New York, New York
       March 30, 2011

_____
Denise L. Cote, U.S.D.J.