```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
DEBORAH DONOGHUE,                       :
                    Plaintiff,          :
                                        :
              -v-                       :    10 Civ. 3131 (DLC)
                                        :
MORGAN STANLEY HIGH YIELD FUND,         :    OPINION & ORDER
                    Nominal Defendant,  :
                                        :
BULLDOG INVESTORS GENERAL PARTNERSHIP   :
and PHILLIP GOLDSTEIN,                  :
                    Defendants.         :
                                        :
----------------------------------------X
```

Appearances:

For Plaintiff:

David Lopez
Law Office of David Lopez
171 Edge of Woods Road
P.O. Box 323
Southampton, NY 11969-0323

For Defendants:

Richard W. Cohen
Lowey Dannenberg Cohen & Hart, P.C.
White Plains Plaza
One North Broadway
White Plains, NY 10601-2310

DENISE COTE, District Judge:

By motion of December 3, 2012, plaintiff Deborah Donoghue ("Donoghue"), a shareholder in nominal defendant Morgan Stanley High Yield Fund (n/k/a Invesco High Yield Investment Fund, Inc.), seeks attorney's fees and reimbursement of disbursements. For the following reasons, the motion is granted in part.

1

Plaintiff initiated this derivative action pursuant to Section 16(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78p(b), seeking disgorgement of short-swing profits realized by defendants. In September 2010, the parties agreed to a proposed settlement entering judgment in favor of plaintiff against defendant Bulldog Investors General Partnership ("Bulldog") in the amount of $85,491.00 and dismissing the complaint as to defendant Phillip Goldstein with prejudice. Following a February 25, 2011 fairness hearing, the Court granted entry of the final judgment on March 30, 2011 ("March 30 Order"). Defendants appealed the March 30 Order and the Court's May 27, 2010 Memorandum Opinion and Order denying defendants' April 21, 2010 motion to dismiss. The Second Circuit affirmed the Court's rulings on November 26, 2012.

Donoghue seeks $42,745.50 in attorney's fees, which is fifty percent of the total amount entered in plaintiff's favor by the March 30 Order, plus reimbursement of disbursements in the amount of $3,500.00. The plaintiff calculates a lodestar of $85,491.00. By letter dated December 3, defendants confirmed that they do not oppose the motion and by extension agreed to the suggested recovery amounts.

The $42,745.50 in proposed fees, however, far exceeds a reasonable rate for attorney's fees in this action. A shareholder who is successful in maintaining an action pursuant

2

to Section 16(b) of the Exchange Act "is entitled to reimbursement for reasonable attorney's fees." Smolowe v. Delendo Corp., 136 F.3d 231, 241 (2d Cir. 1947). The determination of "reasonableness" is within the discretion of the district court. Goldberger v. Integrated Resources, Inc., 209 F.3d 43, 47 (2d Cir. 2000). Courts assessing Section 16(b) fee applications commonly employ the same reasoning utilized in "common fund" actions, which considers relevant factors including inter alia the percentage that a fee will represent in relation to the settlement amount. See id. at 50 (citation omitted). A reasonable fee will often reflect the prevailing rates in the relevant market. See id. at 52; cf. Simmons v. New York City Transit Authority, 575 F.3d 170, 176 (2d Cir. 2009) (encouraging reasonableness analysis that "increases the possibility that attorneys will receive no more than the relevant market would normally permit"); Wells v. Bowen, 855 F.2d 37, 43 (2d Cir. 1988) ("'[R]easonable' fees . . . typically must be set at the prevailing market rates in the relevant community."). Finally, in determining reasonableness, courts should aim to "prevent unwarranted windfalls for attorneys," Goldberger, 209 F.3d at 49, and should "approach fee awards with an eye to moderation." Id. at 52-53 (citation omitted).

Here, the fifty-percent calculation requested by the plaintiff is significantly larger than the typical fee

3

percentage paid in comparable cases. Instead, attorney's fees of one-third or less of the settlement amount are customarily found to be reasonable. For instance, courts considering fees in cases involving short-swing profit recovery have held that attorneys are reasonably entitled to fees of 25% the total settlement. See, e.g., FTR Consulting Group, Inc. ex rel. Cel-Sci Corp. v. Advantage Fund II Ltd., No. 02 Civ. 8608 (RMB), 2005 WL 2234039, at *5 (S.D.N.Y. Sept. 14, 2005); Gwodzinnsky v. Sandler Assocs., No. 97-7314, 1998 WL 538064, at *2 (2d Cir. Mar. 13, 1998). In "common fund" cases, the percentage-of-fund recovery typically falls within a 15% to one-third range. See, e.g., Febus v. Guardian First Funding Group, LLC, No. 10 Civ. 2590 (SHS), 2012 WL 2368472, at *2 (S.D.N.Y. June 22, 2012) (one-third of the settlement fund); In re Initial Public Offering Securities Litigation, 671 F.Supp.2d 467, 516 (S.D.N.Y. 2009) (one-third of the net settlement fund); Strougo ex rel. Brazilian Equity Fund, Inc. v. Bassini, 258 F.Supp.2d 254, 262 (S.D.N.Y. 2003) (33 1/3% of the settlement amount). Here, where the size of the settlement fund is relatively small, it is particularly reasonable to award fees on the higher end of the common spectrum. A one-third recovery also balances the "overarching concern for moderation," Goldberger, 209 F.3d at 53, with the public policy considerations encouraging the

enforcement of Section 16(b) of the Exchange Act.  See Smolowe, 136 F.2d at 241.

Plaintiff has also requested reimbursement of disbursements in the amount of $3,500.00.  Such costs have been agreed between the parties and are reasonable.

CONCLUSION

Plaintiff's counsel is awarded $28,497.00 in attorney's fees and $3,500.00 in reimbursement of disbursements.  The plaintiff shall submit a proposed judgment by December 13, 2012.

Dated:     New York, New York
           December 6, 2012

                                    _____
                                            DENISE COTE
                                    United States District Judge